UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| TONYA L. BOWLING, Individually and TONYA L. BOWLING as Natural Guardian and Next Friend of COURTNEY BOWLING, an infant, | ) ) ) ) | Civil Action No. 6: 05-331-DCR |
| Plaintiffs, | ) ) ) | |
| V. | ) ) | |
| ARLIE C. RYAN and SOLOMON CORPORATION, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Tonya L. Bowling, individually and as natural guardian and next friend of Courtney Bowling, an infant, (hereafter, the "Plaintiffs") filed this action in the Laurel Circuit Court on May 10, 2005. On June 15, 2005, the case was removed to this Court pursuant to 28 U.S.C. § 1441(b) based upon assertions that the case involves citizens of different states and that the amount in controversy exceeds $75,000.00. On July 12, 2005, the Plaintiffs moved the Court to remand this action back to the Laurel Circuit Court because they claim that their damage claims do not exceed $75,000. [Record No. 6] This motion has now been fully briefed and is ripe for review.

After reviewing the materials and authorities filed in support of the parties' respective positions, the Court concludes that the Defendants have not met their burden of establishing that

-1-

the amount in dispute at the time of removal exceeded the sum of $75,000.00, exclusive of interest and costs. Accordingly, the Plaintiffs' motion to remand will be granted.

## I.   BACKGROUND

This matter involves an automobile accident that occurred on February 3, 2003, in Laurel County, Kentucky. In the complaint, Plaintiff Tonya Bowling alleges that Defendant Arlie C. Ryan, while operating a tractor trailer truck, pulled into the path of her vehicle. Bowling avers that, at the time of this accident, the tractor trailer truck driven by Ryan was owned by Solomon Corporation. In relevant part, the Plaintiffs' Complaint alleges that:

> 7. [A]s a direct and proximate result of the Defendant's negligence, carelessness and recklessness . . . Bowling has suffered in the past and will continue to suffer in the future severe permanent bodily injury, grievous permanent pain and suffering and mental anguish, and has suffered lost wages and lost time, as well as permanent impairment of her power to earn money.
>
> 8. [A]s a further direct and proximate result of the Defendant's negligence, carelessness and recklessness of the Defendant Bowling has incurred hospital, medical, drug and other related expenses and can reasonably expect to incur such expenses in the future.

[See Record No. 1, attachment] Plaintiff Courtney Bowling, through her mother, has alleged similar claims.

The Defendants removed this action on June 15, 2005. [Record No. 1] Through the petition for removal filed on that date, the Defendants state that, based on the allegations in the Complaint, the "[p]laintiff has placed in controversy an amount in excess of $75,000, exclusive of interest and costs." [Record No. 1, p. 2]

On July 12, 2005, the Plaintiffs moved the Court to remand this action to state court. In support of their motion, the Plaintiffs assert that they "will claim no more than $75,000.00 to

satisfy any and all claims arising out of this action." In addition, Plaintiff Tonya Bowling has attached a signed affidavit to the motion to remand, indicating that her damage claims, including those for her child, do not exceed the jurisdictional minium of this Court.

In response, the Defendants state that they initially removed this action based on their good faith belief that the Plaintiffs were seeking more than $75,000.00. Specifically, they state that the "Plaintiffs' enumerated claims for compensatory damages alone were sufficient for [them] to form a reasonable belief that [the Plaintiffs] were seeking more than $75,000" and that the "plea of 'recklessness' . . ., if proven, could justify a punitive damage instruction under Kentucky law." As such, the Defendants assert that, at the time of removal, they believed that the Plaintiffs were claiming damages in excess of the jurisdictional amount. However, there is no indication in the record that the Defendants served any discovery requests on the Plaintiffs in an effort to ascertain the actual amount in dispute. Rather, it appears that, although the Defendants' removal decision may have been in good faith, it was speculative. *See Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309-10 (E.D. Ky. 1990)

## II.    LEGAL ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). It is well-established that the federal courts are courts of limited jurisdiction. Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979).

In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Consequently, events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

In *Saint Paul Mercury*, the Court refused to remand an action, properly removed in light of the original complaint, when the plaintiff filed an amended complaint which reduced the amount initially claimed to an amount below the amount in controversy requirement. In denying the motion to remand, the Court stated that "[i]f the plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id*. at 294. However, in *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1308 (E.D. Ky. 1990), this Court reached a different result based on the facts presented.

In *Cole*, the defendant removed the action to federal court based on the plaintiff's complaint which, in accordance with the Kentucky Rules of Civil Procedure[1], contained only a

---

[1] Rule 8.01(2) of the Kentucky Rules of Civil Procedure prevents a plaintiff from pleading unliquidated damages with any degree of specificity.

bare statement of the claims and minimal jurisdiction allegations and contained unspecified damages for "outrageous conduct, defamation, severe emotional and physical pain, and loss of enjoyment of life," as well as punitive damages and costs. The plaintiff then filed a motion to remand with a stipulation that the damages would not exceed the jurisdictional minimum. Relying on the *Saint Paul Mercury* principle that events occurring after removal which reduce the amount in controversy do not defeat the court's jurisdiction, the defendant responded that the stipulation was too late.

The *Cole* Court, however, distinguished *Saint Paul Mercury* stating that, unlike *Saint Paul Mercury*, Cole's subsequent stipulation did not modify the amount in controversy. Instead, it provided the actual amount for the first time.[2] The Court further stated that due to the nature of the plaintiff's complaint, it provided virtually no substance relating to the extent of the plaintiff's injury. Therefore, although the defendant's removal decision may have been in good faith, it could not have been based on anything more than speculation. *Cole*, 728 F. Supp. at 1309-10.

---

[2] In *Gafford v. General Electric Comp.*, 997 F.2d 150 (6th Cir. 1993), the Court held that the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id.* at 158; *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). To satisfy this burden, this circuit requires defendants who are faced with an indeterminate state court complaint to make an independent inquiry as to the extent of the plaintiff's damages prior to filing the notice of removal. *Cole*, 728 F. Supp. at 1309 *citing Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986) (removing defendant bears the burden of establishing jurisdiction even when faced with indeterminate complaint); *see also Kaneshiro v. North Am. Co. for Life and Health Ins.*, 496 F. Supp. 452, 462 (D. Hawaii 1980) (Where the initial pleading is indeterminate "the defendant is put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove.") Further, Rule 8.01 of the Kentucky Rules of Civil Procedure provides that, "when a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories . . . ." Ky. R. Civ. P. 8.01.

Where the Plaintiffs' Complaint contains minimal information regarding the damages the Plaintiffs are seeking, the Court must require that the party having the burden of establishing jurisdiction present some proof that the claim is likely to result in an award in an amount necessary to establish that the total claim exceeds $75,000. Here, the Defendant removed this action without filing interrogatories with respect to the specific amount of damages claimed by the Plaintiffs or without otherwise investigating the specific monetary amount. Plaintiff Tonya Bowling has attached a signed affidavit to the motion to remand stipulating the her total damages claimed, including those on behalf of her daughter, do not exceed $75,000. Similar to *Cole*, this stipulation by affidavit did not change the information upon which the Defendant relied in removing this action; rather, it provided, for the first time, the specific damage amounts claimed by the Plaintiffs.

Due to the lack of evidence presented regarding this issue, this Court finds that the Defendants have not satisfied their burden of establishing by a preponderance of the evidence that, at the time of removal, the Plaintiffs' damage claims exceeded $75,000. Again, while the Defendants' removal decision may have been made in good faith, they have failed to establish that it was based on anything more than mere speculation. In addition, now that the Plaintiffs have averred that their damage claims do not exceed $75,000, the Court finds that allowing limited discovery on this issue would serve no useful purpose.

Finally, Plaintiff Tonya Bowling's affidavit, stipulating damages in an amount not to exceed $75,000, binds the Plaintiffs to a recovery of no more than this figure in state court. *See e.g.*, *Sanford & Adapt Inc., v. Gardenour*, 2000 WL 1033025 (6th Cir. 2000) (unpublished);

*Ratliff v. Merck & Co., Inc.*, 359 F. Supp. 2d 571 (E.D. Ky. March 3, 2005); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp.2d 601, 603-04 (E.D. Ky. 2002). Since this Court has adopted the position urged by the Plaintiffs (*i.e.*, that their damages are not in excess of $75,000) in granting the present motion, the Plaintiffs would be prevented from later taking an inconsistent position (*i.e.*, that their damages are actually greater than $75,000). *See, e.g.*, *Colston Investment Co. v. Home Supply Co.*, 74 S.W.3d 759 (Ky. Ct. App. 2001) ("The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.").

Accordingly, it is hereby **ORDERED** as follows:

1. The Plaintiffs' Motion to Remand [Record No. 6] is **GRANTED**.

2. This matter is **REMANDED** to the Laurel Circuit Court for further proceedings.

This 29th day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge